UNITED STATES *ex rel.* QUEEN *v.* ALVEY.

ORIGINAL.—PETITION FOR MANDAMUS.

No. 17. Original. Argued February 25, 1901.—Decided May 27, 1901.

Under the circumstances set forth in its opinion this court thinks that the rule respecting appeals to the Court of Appeals of the District of Columbia must receive the interpretation here which was given to it by the Court of Appeals.

UPON filing the petition for mandamus a rule was issued and served. The respondents have replied thereto. The question presented is the interpretation of a rule of the Court of Appeals of the District of Columbia hereinafter set out.

The case of petitioners as presented by their petition is substantially as follows: Marcella Jarboe, a widow, died without issue in the District of Columbia, on the 28th day of March,

1899, aged 88 years. The petitioners were her heirs at law. After her death a paper writing, purporting to be her will, dated February 24, 1892, and two other paper writings purporting to be codicils, dated respectively October 20, 1892, and February 15, 1898, were offered for probate by William Myer Lewin, executor, in the Supreme Court of the District of Columbia, holding a special term for orphans' court business, as her last will and testament.

The relators filed caveats to the probate of the will traversing the due execution of the papers as a will and alleging incapacity, undue influence and fraud. Upon the issue thus formed testimony was taken, and at its close the court instructed the jury to render a verdict for the will and codicils. Exception was duly made, and subsequently, on May 10, 1900, a motion for new trial was made and overruled, and an order was passed admitting the will and codicils to probate and directing letters testamentary to issue. An appeal was allowed to the Court of Appeals of the District, and a bond fixed for costs, not to operate as a supersedeas. The bond was duly approved, and filed May 17, 1900.

On July 2, 1900, the trial justice extended the time for filing the transcript forty days from the expiration of the time then limited. The transcript, however, was not filed within the extended time, and Mr. Justice Cole again extended it to October 15, 1900.

The transcript was filed October 9, 1900, but not until after appellees had given notice of a motion to docket and dismiss under the rule. When the motion came on to be heard it was abandoned, and by leave of the court a motion to dismiss was substituted. It was granted October 19, 1900, and the appeal dismissed with costs. This petition was then filed. The rule, the interpretation of which is involved, is as follows:

" All cases, the records and transcripts of which shall be received by the clerk of this court before the last twenty days of the term, shall be considered for trial in the course of that term; but such cases shall be placed on the docket in the order of time in which the records or transcripts shall be received; and if received within twenty days of the next succeeding term, either

party shall be entitled to a continuance; but when an appeal is entered in the court below which shall operate as a supersedeas of the judgment, order or decree appealed from, or when there has been a special order or appeal bond for the stay or supersedeas of the judgment, decree or order appealed from, in all such cases it shall be the duty of the appellant, within forty days from the time of the appeal entered and perfected in the court below (unless such time for special and sufficient cause be extended by the court below, or the judge thereof by whom the judgment, decree, or order may have been rendered, such time to be definite and fixed), to produce and file with the clerk of this court a transcript of the record of such cause; and if he shall fail to file the transcript within the time limited therefor the appellee shall be allowed to file a copy or transcript of the record with the clerk of this court, and the cause shall stand for trial in the like manner as if the transcript had been filed by the appellant in due time; or the said appellee may, on producing a certificate from the clerk of the court below, stating the cause, and that an appeal has been entered, and the date thereof, and that the judgment, decree or order appealed from is stayed or superseded by bond or otherwise, have the said appeal docketed and dismissed; or, *in any and all cases*, the appellee may, after the time limited for filing the transcript in this court by the appellant, and his or her default in respect thereto, upon producing a certificate showing the entry of appeal and the date thereof, have said appeal docketed and dismissed; and in no case shall the appellant be entitled to docket a case and file the record after said appeal shall have been docketed and dismissed under this rule, unless by special order of the court, upon satisfactory reason shown."

The answer of the respondents alleged the promulgation of the rule in pursuance of the act of Congress creating the court, and that under the same act on the 29th of September, 1894, the court amended the rules in several respects and promulgated them as amended. The amendment consisted in the insertion of the words "*in any and all cases*" for the words "*in any case*," in numbered rule XV.

*Mr. Walter D. Davidge* and *Mr. Walter D. Davidge, Jr.,* for petitioners.

*Mr. A. S. Worthington* for respondents.    *Mr. Charles L. Frailey* was on his brief.

Mr. Justice McKenna, after stating the case as above, delivered the opinion of the court.

By the act of Congress of February 9, 1893, which established a Court of Appeals for the District of Columbia, it was provided—

" That any party aggrieved by any final order, judgment or decree of the Supreme Court of the District of Columbia, or of any justice thereof, may appeal therefrom to the Court of Appeals hereby created; and upon such appeal the Court of Appeals shall review such order, judgment or decree, and affirm, reverse or modify the same as shall be just."

And it was also provided—

" That said Court of Appeals shall establish by rule of court such terms in the court in each year as to it may seem necessary : Provided, however, that there shall be at least three terms in each year, and it shall make such rules and regulations as may be necessary and proper for the transaction of its business and the taking of appeals to said court. And said Court of Appeals shall have power to prescribe what part or parts of the proceedings in the court below shall constitute the record on appeal and the form of bills of exception, and to require that the original papers shall be sent to it instead of copies thereof, and generally to regulate all matters relating to appeals, whether in the court below or in said Court of Appeals."

Under this provision the rule set out in the return of the respondents was established and amended. The question now is as to the interpretation of the rule. It will be observed that the rule states that " when an appeal is entered in the court below which shall operate as a supersedeas of the judgment, order or decree appealed from, or when there has been a special order or appeal bond for the stay or supersedeas of the judg-

ment, decree or order appealed from, in all such cases it shall be the duty of the appellant, within forty days from the time of the appeal entered and perfected in the court below, (unless such time for special and sufficient cause be extended by the court below, or the judge thereof by whom the judgment, decree or order may have been rendered, such time to be definite and fixed,) to produce and file with the clerk of this court a transcript of the record of such cause."

The contention of the parties turns on this provision. Is it to be interpreted independently or in connection with and as receiving meaning from the subsequent provision commencing with the words " *in any and all cases ?* " Or, in other words, is the rule to be applied differently when the appeal operates as a supersedeas from what it does when the appeal does not so operate ? The appeal of relators did not so operate, and the relators contend that their cause " was not of the class of cases to which the rule relates," and therefore no rule or authority imposed on them the duty of filing the transcript within the forty days, but that their case falls under that part of the rule which provides for filing the record in cases where there was no supersedeas or stay. " It does not enlarge in any manner," counsel say, " the cases specified in the former part of the rule, and to which the duty of filing within forty days is confined." The Court of Appeals held otherwise, and declares in its reply, which is very circumstantial, that the rule even as originally framed was intended to have a different meaning from that which relators put upon it, but upon doubts arising it was amended to remove the doubts, and " in all cases, whether there had been a supersedeas or not, to fix a period of time within which the transcript should be filed in the Court of Appeals (subject to the authority given by the rule itself, to the court below or a judge thereof, to extend the time). Otherwise there would have been no provision at all for cases in which there should be no supersedeas."

The answer also states—

" The rule as so understood and construed by the respondents has been enforced in every case in which it has been brought to the attention of the respondents. So far as they know no

case has arisen since September 29, 1894, in which the transcript has not been filed within forty days from the time of the appeal entered and perfected in the court below, except where the time has been extended in accordance with the rule, by an order made by a judge of the court below before the expiration of the time limited by the rule or by a previous order. In the case of the *District of Columbia* v. *Humphrey*, 11 App. D. C. 68, the appeal was dismissed solely because the transcript was not filed in the Court of Appeals within the forty days pre-scribed by the rule in question, and without reference to whether the appeal operated as a supersedeas. The opinion of the Court of Appeals in that case was published among the regular reports of that court in 1898."

Under these circumstances we are of the opinion that the rule must receive the interpretation which was given it by the Court of Appeals.

*Rule discharged.*